# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7919 | **DATE** | 2/27/2013 |
| **CASE TITLE** | *Zersen v. PT Insurance Group, LLC et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court finds it has no jurisdiction to enforce the settlement agreement. The motion to stay ruling on the IFDBPA claim [77-1] is denied. The Court grants Underwriters' motion for summary judgment [45-1] on the IFDBPA and denies Plaintiff's motion [51-1] on the IFDBPA claim. Because the only claims remaining are those against PT Insurance Group, LLC, which is in bankruptcy, the case is placed on the Court's suspense docket. PT Insurance Group, LLC is directed to inform this Court within seven days of the resolution of its bankruptcy proceeding.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff moves to enforce a purported settlement agreement between the parties in this case under which Underwriters was to pay Plaintiff $25,000.00 for a release of all claims against it and the other defendants. Plaintiff contends that the parties agreed in principle to a settlement and were memorializing this agreement when the Court issued its summary judgment ruling on November 27, 2012. According to Plaintiff, Underwriters, having been granted judgment on the Telephone Consumer Protection Act ("TCPA") claim (the state law Illinois Consumer Fraud and Deceptive Business Practices Act ("IFDBPA"), which remains pending, is ruled on below) now disavows the settlement agreement and Plaintiff seeks to enforce the alleged agreement and stay the Court's ruling on the IFDBPA claim.

The Court does not have jurisdiction to enforce the settlement agreement. A claim for breach of a settlement agreement is essentially a breach of contract claim and is therefore a state law claim, not a federal claim. *Kay v. Bd. of Educ. of City of Chi.*, 547 F.3d 736, 739 (7th Cir. 2008) ("[T]he Constitution does not require state actors to keep their promises. It requires process before any state may finally deprive a person of liberty or property (including rights under a contract), but the opportunity to litigate in state court supplies all the process that is due for claims of breach"). Because the parties are not completely diverse and it appears that the amount in controversy does not exceed $75,000.00 exclusive of interests or costs, 28 U.S.C. § 1332 cannot supply a basis for this Court's jurisdiction regarding Plaintiff's claim that the alleged settlement agreement has been breached. *Lynch, Inc. v. Santamason, Inc.*, 279 F.3d 487, 489 (7th Cir. 2002) ("Because the parties are not diverse, any suit to enforce the settlement agreement in this case would have to be brought in state court even though the settlement was of federal as well as state claims.").

With respect to the remaining IFDBPA claim, the elements are: "'(1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce.'"

| STATEMENT |
|---|

*Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir. 2012) (quoting *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010)). This claim is premised on the allegation that Underwriters sent an unsolicited fax. While the parties do not address the first element, the Court concludes that because it found that Underwriters did not send the fax for purposes of the TCPA (Dkt. # 59, at 3-4), it cannot be liable under the IFDBPA for conduct it did not engage in. Accordingly, the Court grants summary judgment in favor of Underwriters on the IFDBPA claim.

     In sum, the Court finds it has no jurisdiction to enforce the alleged settlement agreement. The Court suggests that in the future, Plaintiff promptly advise the Court of any pending settlements in principle so the Court does not expend time and resources considering motions which will be mooted by the settlement. The motion to stay ruling on the IFDBPA claim [77-1] is denied. The Court grants Underwriters' motion for summary judgment [45-1] on the IFDBPA claim and denies Plaintiff's motion [51-1] on the same claim. Because the only claims remaining are those against PT Insurance Group, LLC, which is in bankruptcy, the case is placed on the Court's suspense docket. PT Insurance Group, LLC is directed to inform this Court within seven days of the resolution of its bankruptcy proceeding.